24CA1465 Marriage of McCracken 03-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1465
Montrose County District Court No. 22DR160
Honorable D. Cory Jackson, Judge

In re the Marriage of

Benjamin R. McCracken,

Appellee,

and

Lynn M. McCracken,

Appellant.

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE GOMEZ
Fox and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 20, 2025

Law Offices of J.M. Distefano, Jacqueline M. Distefano, Crawford, Colorado, for Appellee

Lynn M. McCracken, Pro Se

¶ 1     Lynn M. McCracken (wife) appeals the district court's judgment dissolving her marriage to Benjamin R. McCracken (husband).  We affirm.

## I.     Background

¶ 2     Husband filed a petition with the district court to dissolve the parties' marriage.  The court scheduled a permanent orders hearing and ordered the parties to appear in person.  The day before the hearing, wife asked the court if she could appear virtually instead.  The court denied her request, and wife did not appear for the hearing.

¶ 3     After the hearing, the court issued its permanent orders.  The court set aside husband's separate property, which included three trucks, a hay rake, three guns, a gun shed, a Roth IRA, and forty-five cows.  The court then divided the marital estate by allocating to wife assets that were worth about $211,500.  The court allocated to husband approximately $689,700 of the marital assets and all the marital debt, which totaled about $547,700, thus leaving him with about $142,000 of net equity.  The court then declined to award wife maintenance.

## II.    Preliminary Issue

¶ 4    Husband argues that we should strike wife's opening brief and dismiss her appeal because she didn't comply with the requirements of C.A.R. 28. *See* C.A.R. 38(a) (permitting the appellate court to sanction a party for their noncompliance with the appellate rules).

¶ 5    Under C.A.R. 28, an appellant's opening brief must include, among other things, a statement on "the applicable standard of review with citation to authority"; a statement on "whether the issue was preserved, and if preserved, the precise location in the record where the issue was raised and where the court ruled"; and "a clear and concise discussion of the grounds upon which the party relies in seeking a reversal . . . , with citations to the authorities and parts of the record on which the appellant relies." C.A.R. 28(a)(7)(A)-(B). These requirements are not mere technicalities; they facilitate our appellate review. *Cikraji v. Snowberger*, 2015 COA 66, ¶ 10.

¶ 6    Even though wife's brief doesn't comply with C.A.R. 28, we are mindful that she is representing herself. We exercise our discretion and review wife's contentions as best we understand them. *See Cikraji*, ¶ 10. But we are limited by the information wife provided in

her briefs, and we will not develop arguments for her or search the record for supporting facts. *See id.*

## III. Property Division

¶ 7      Wife asserts that before the parties' 2017 ceremonial marriage, they entered into a common law marriage. She argues that the district court's property division failed to properly account for this common law marriage, which began in 2012, and therefore erred by classifying assets acquired during the common law marriage as husband's separate, premarital property. For three reasons, we reject wife's contention. *See In re Marriage of Medeiros*, 2023 COA 42M, ¶ 28 (declining to disturb a court's division of the marital estate absent a showing that the court abused its discretion).

¶ 8      First, wife didn't preserve this issue by raising it in the district court, and we don't address arguments not raised in or decided by the district court. *Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 2012 CO 61, ¶ 18. Wife didn't address preservation in her opening brief, as required by Rule 28. *See* C.A.R. 28(a)(7)(A). In her reply brief, she claims that the issue was preserved and says that the "marriage date was disputed in objections and filings" before the hearing. However, she only directs us to her response to

the dissolution petition. In that response, she didn't dispute the date of the marriage but, rather, admitted that the parties married in 2017. She later confirmed this marriage date in the joint trial management certificate. Wife points us to no other portion of the record where she alleged a common law marriage existed in 2012, disputed that 2017 was the beginning of the marriage, or challenged husband's claim that property he owned before 2017 was his separate property. *See id.*; *Melat, Pressman & Higbie*, ¶ 18. Nor does the record reveal that wife ever argued to the district court that property acquired after 2012 was marital property due to a purported common law marriage.

¶ 9    Second, even if we assume the issue was preserved, wife presents only conclusory allegations of error. She doesn't (1) develop any legal argument to support her allegations of a common law marriage; (2) identify the specific assets that the court misclassified as husband's separate property; or (3) direct us to anything in the record that supports her contention. *See In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 29 (declining to address a legally and factually undeveloped argument); *Brighton Sch. Dist. 27J v. Transamerica Premier Ins. Co.*, 923 P.2d

328, 335 (Colo. App. 1996) ("[I]t is not the duty of the reviewing court to search the record for evidence to support bald assertions."), *aff'd*, 940 P.2d 348 (Colo. 1997).

¶ 10   And third, wife omitted portions of the record necessary for our review of her alleged error. At the permanent orders hearing, the court heard evidence and then entered findings of fact and conclusions of law concerning the equitable allocation of the marital estate. The court later incorporated its oral findings explaining its property division into its written order. It was wife's responsibility to "include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal." C.A.R. 10(d)(3). But she didn't obtain a transcript of the permanent orders hearing. Without a transcript of those proceedings, we cannot review wife's contention regarding the court's property division or consider whether the evidence supported the court's determination. Instead, we "must presume that the record supports the judgment." *In re Marriage of Dean*, 2017 COA 51, ¶ 13.

¶ 11   To the extent that wife further challenges the court's property division by arguing that the court didn't recognize undisclosed "cattle, tractors, and implements" and that the court's ruling

"exacerbated" husband's financial abuse and misconduct, we decline to address those issues. Wife doesn't legally or factually develop these general assertions, doesn't explain why the court's determinations warrant reversal, and doesn't direct us to anywhere in the record where she presented these arguments to the district court. *See Melat, Pressman & Higbie*, ¶ 18; *S.Z.S.*, ¶ 29; *Brighton Sch. Dist. 27J*, 923 P.2d at 335.

¶ 12    For these reasons, we will not disturb the court's division of the marital estate.

## IV.    Maintenance

¶ 13    Wife next asserts that the court's maintenance decision "was inadequate and unsupported by [the] evidence," and she says that the court erred by not considering husband's financial abuse and the parties' financial disparity. We are unpersuaded.

¶ 14    Beyond conclusory statements, wife doesn't explain why we should disturb the court's discretionary decision. *See In re Marriage of Capparelli*, 2024 COA 103M, ¶ 30 (we review a court's maintenance determination for an abuse of discretion). She doesn't provide any supporting legal authority or any factual basis to reverse. *See S.Z.S.*, ¶ 29; *Brighton Sch. Dist. 27J*, 923 P.2d at 335.

And, again, without the transcript of the hearing and the court's ruling, we must presume that the court fully considered the parties' financial circumstances and that the record supports its decision declining to award wife maintenance. *See Dean*, ¶ 13; *see also In re Marriage of Collins*, 2023 COA 116M, ¶ 21 (presuming the court considered all the evidence).

¶ 15 We therefore affirm the court's maintenance determination.

## V. Judicial Bias

¶ 16 Wife also argues that we must reverse the judgment because the judge exhibited bias against her. We disagree.

¶ 17 To warrant reversal based on a judge's alleged bias, the record must clearly establish that the judge's conduct so departed from the required impartiality as to deny the party a fair trial. *People v. Schupper*, 2014 COA 80M, ¶ 59; *see also In re Estate of Elliott*, 993 P.2d 474, 481 (Colo. 2000) (reviewing de novo whether a judge demonstrated bias).

¶ 18 Wife claims that the judge disregarded husband's alleged financial abuse and stalking, accepted husband's self-serving testimony, excluded "crucial evidence" from wife, and denied "critical motions." While wife speculates that the rulings against

7

her interests were due to the judge's bias, adverse rulings, without more, do not establish judicial bias. *See Schupper*, ¶¶ 58-59. And wife doesn't develop any further argument to establish that the court's rulings or evidentiary determinations were improper or that they so departed from the required impartiality as to deny her a fair trial. *See id.* at ¶ 59; *see also S.Z.S.*, ¶ 29; *Brighton Sch. Dist. 27J*, 923 P.2d at 335. We therefore reject her contention.

## VI. Attorneys' Misconduct

¶ 19    Finally, wife asserts that two attorneys involved in the dissolution proceeding, one who represented her and another who represented husband, mishandled evidence and had conflicts of interest, thus violating their ethical obligations. Wife highlights that an arrest warrant was issued against her and that her former attorney was nominated for the district attorney's office.

¶ 20    But wife doesn't direct us to anywhere in the record where she raised her allegations of attorney misconduct to the district court. *See* C.A.R. 28(a)(7)(A); *Melat, Pressman & Higbie*, ¶ 18. Nor does she develop any legal or factual argument to explain why her conclusory allegations warrant reversal. *See S.Z.S.*, ¶ 29; *Brighton Sch. Dist. 27J*, 923 P.2d at 335. To the extent that wife attempts to

direct us to other alleged instances of attorney misconduct in her reply brief, she again doesn't develop her claims, and we needn't address issues raised for the first time in a reply brief. *See In re Marriage of Drexler*, 2013 COA 43, ¶ 24. We therefore decline to disturb the judgment based on wife's attorney misconduct claims.

## VII. Disposition

The judgment is affirmed.

JUDGE FOX and JUDGE LUM concur.